**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRIAN MENEFEE, # 196705,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 22-00039-TFM-B** |
| | * | |
| **C.O. BROWN, *et al.*,** | * | |
| | * | |
| **Defendants.** | * | |

## REPORT AND RECOMMENDATION

This action is before the Court on review.  Plaintiff Brian Menefee, an Alabama prison inmate proceeding *pro se*, filed a complaint seeking relief under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees.  (Docs. 1, 2).[1]  On March 29, 2022, the Court granted Menefee's motion to proceed without prepayment of fees and ordered Menefee to pay an initial partial filing fee of $61.85 by April 25, 2022.  (Doc. 5 at 1-2).  The Court expressly advised Menefee that he was required to pay the $61.85 initial partial filing fee before this case could proceed further and cautioned him that failure to comply with the order within the prescribed time would result in the dismissal of this action.  (Id.).  The order was mailed to Menefee at the Fountain

---

[1] This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or recommendation on all pretrial matters as may be appropriate.  (Doc. 3).

Correctional Facility address listed on each of his filings in this case.  (See Docs. 1, 2, 4).

The order for Menefee to pay the initial partial filing fee was not returned to the Court as undeliverable; however, Menefee failed to pay the initial partial filing fee by April 25, 2022 as directed.  A subsequent search of the website for the Alabama Department of Corrections ("ADOC") revealed that Menefee had been transferred to Limestone Correctional Facility.  Menefee did not notify the Court of his change of address.

In light of Menefee's transfer, the undersigned, on May 23, 2022, directed the Clerk to update Menefee's address on file and mail the Court's previous order dated March 29, 2022 to him at his new address.  (Doc. 6 at 2).  The Court *sua sponte* extended the deadline for Menefee to pay the $61.85 initial partial filing fee to June 21, 2022.  (Id.).  The undersigned cautioned Menefee that failure to fully comply with the Court's order within the prescribed time would result in a recommendation that this action be dismissed for failure to prosecute and obey the Court's orders. (Id. at 2-3).

To date, Menefee has not paid any portion of the $61.85 initial partial filing fee despite being ordered to pay the fee no later than June 21, 2022.  Menefee has not requested additional time to pay the initial partial filing fee, he has not indicated that he is unable to pay the initial partial filing fee, and he

has not provided any other explanation for his failure to pay the initial partial filing fee as directed. Additionally, none of the Court's orders sent to Menefee in this case have been returned as undeliverable, and ADOC's website reflects that Menefee remains incarcerated at Limestone Correctional Facility, where the Court's orders dated March 29, 2022 and May 23, 2022 were mailed to him in May 2022. (See Doc. 6 at 2).

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (citing Fed. R. Civ. P. 41(b); Lopez v. Aransas Cty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[2] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962)). To dismiss an action with prejudice for failure to prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

inadequate to correct such conduct."   _Betty K Agencies, Ltd. v._
_M/V MONADA_, 432 F.3d 1333, 1339 (11th Cir. 2005).

As noted previously, Menefee has made no apparent attempt to
comply with the Court's orders to pay the initial partial filing
fee, even after the undersigned _sua sponte_ extended the deadline
for him to comply based on his address change.  Nor has Menefee
explained his failure to comply with the Court's orders, indicated
that he is unable to comply, or sought additional time within which
to comply.  Menefee's lack of response, coupled with his failure
to notify the Court of his change of address, suggests that he has
lost interest in and abandoned the prosecution of this action.  In
light of Menefee's failure to prosecute this action and failure to
obey this Court's orders by timely paying the initial partial
filing fee, it is recommended that this action be **DISMISSED without**
**prejudice** pursuant to Rule 41(b) and this Court's inherent
authority, as it appears no lesser sanction will suffice.[3]

If Menefee disputes the finding that he failed to comply with
the Court's orders directing him to pay the initial partial filing
fee by authorizing payment of the filing fee by prison officials,

---

[3] The Court notes that Menefee complains of acts or omissions that
occurred in January 2022.  (_See_ Doc. 1).  In Alabama, the statute
of limitations for filing a § 1983 action is two years.  _Jones v._
_Preuit & Mauldin_, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).
Therefore, under the circumstances, dismissal of this action
without prejudice would not be tantamount to dismissal with
prejudice, because Menefee would have the ability to refile his
claims prior to the expiration of the statute of limitations.

he must set forth in an objection to this report and recommendation the reasons for his failure to pay.  See Wilson v. Sargent, 313 F.3d 1315, 1321 (11th Cir. 2002) (finding that allowing objections to a magistrate judge's report and recommendation is an acceptable means of ascertaining the steps taken by a prisoner to comply with the order to pay a partial filing fee).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

      **DONE** this **14th** day of **July, 2022**.

                                      **/S/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**